


## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles R. Norgle | Sitting Judge if Other than Assigned Judge | Sidney I. Schenkier |
|---|---|---|---|
| **CASE NUMBER** | 10 C 678 | **DATE** | 2/9/2011 |
| **CASE TITLE** | Tarr vs. Rotary International | | |

**DOCKET ENTRY TEXT**

Defendant's Rule 12(B)(6) Motion to Dismiss [14] is GRANTED.

■ [ For further details see text below.]   Docketing to mail notices.

### STATEMENT

Before the Court is Defendant's Rule 12(B)(6) Motion to Dismiss all but one of the federal civil rights claims of the plaintiff. For the following reasons, the Motion is granted.

Cynthia H. Tarr ("Tarr"), the plaintiff, worked for the defendant for nearly nine years. Her mother also worked for the defendant. According to Tarr's Equal Employment Opportunity Commission charge, the defendant terminated Tarr on July 24, 2008. Tarr alleges she was fired in retaliation for protected activity her mother engaged in, namely, filing charges of civil rights violations against the defendant. Tarr checked the "retaliation" box on her EEOC charge and no other boxes. The "particulars" of the EEOC charge describe Tarr's hiring, firing, and explanation of her allegations of retaliation resulting from her mother's conduct (not Tarr's). The EEOC issued a notice of suit rights, and Tarr timely filed suit. Her complaint alleges she was fired in retaliation for her mother's protected activity, stating the defendant "[r]etaliated against the plaintiff because the plaintiff is associated with an employee (my mother) who engaged in protected activity by making discrimination complaints and filing charges under the ADA + ADEA + Title VII." This allegation repeats the lone EEOC charge, and the defendant does not attack this claim in its Motion. Tarr further alleges that problems started in 2004 and that the defendant specifically: (1) discriminated against her on the basis of race; (2) failed to promote her; (3) failed to stop harassment; and (4) retaliated because of the plaintiff's own protected activity (not her mother's). The complaint states as supporting facts: "I received good performance appraisals for my first 5 years of employment. After my mother, Margaret Tarr, complained about discrimination and filed a charge with IDHR I received poor performance reviews and was harassed and subjected to disparate work requirements. I was also harassed because of my race. After I complained of harassment I was put on probation, denied a promotion, and ultimately discharged."

A Title VII plaintiff generally cannot bring claims in a lawsuit that were not included in her EEOC charge. Cheek v. W. & S. Life Ins. Co., 31 F.3d 497, 500 (7th Cir. 1994) (citation omitted). To allow otherwise would frustrate the EEOC's investigatory and conciliatory role and deprive the charged party of notice of the charge. Id. "Nevertheless, because most EEOC charges are completed by laypersons rather than

## STATEMENT

by lawyers, a Title VII plaintiff need not allege in an EEOC charge each and every fact that combines to form the basis of each claim in her complaint." Id.; see also Harper v. Godfrey Co., 45 F.3d 143, 148 (7th Cir. 1995) (noting the "liberty afforded Title VII plantiffs"). A claim not explicitly mentioned in the EEOC charge is cognizable when the claim is "'like or reasonably related to the allegations of the charge and growing out of such allegations.'" Id. (quoting Jenkins v. Blue Cross Mut. Hosp. Ins., Inc., 538 F.2d 164, 167 (7th Cir. 1976) (en banc)). The Jenkins test has two parts which must both be satisfied. First, the claim and charge are "reasonably related" where there is "a factual relationship between them," which "means that the EEOC charge and the complaint must, at minimum, describe the *same conduct* and implicate the *same individuals*." Cheek, 31 F.3d at 501. The second part "requires speculation as to what the EEOC might or might not discover in the course of an investigation." Id. This second part is "difficult to apply." Id.

In Green v. National Steel Corp., the Seventh Circuit dealing with ADA claims found no factual likeness between claims of discrimination and failure to accommodate. 197 F.3d 894, 898 (7th Cir. 1999). Nor did the Green panel "understand how [the plaintiff] could expect that her claim that she suffered from inadequate working conditions would develop from the investigations of the reasons for that discharge." Id. The Cheek court dismissed a plaintiff's sex discrimination claim even though the plaintiff checked the "sex discrimination" box on the EEOC charge because the court found no factual relationship between the EEOC charge and the lawsuit claim. Id. And similar to Green, the court in Oxman v. WLS-TV, 12 F.3d 652 (7th Cir. 1993), held that a discriminatory termination claim is "separate and distinct" from a failure to rehire claim. Id. at 660-71. In particular, the termination charge filed with the EEOC failed to provide notice to the defendant of a failure to rehire claim since "these two employment decisions are wholly independent." Id. In Sauzek v. Exxon Coal USA, Inc., 202 F.3d 913 (7th Cir. 2000), the court found that even though the plaintiff expressly alleged a *retaliatory* failure to rehire in her EEOC charge, the plaintiff's *discriminatory* failure to rehire claim in her lawsuit was "not reasonably related" and thus barred. Id. at 920 (emphasis added).

Such is the "liberty afforded Title VII plaintiffs" like Tarr. Tarr obviously failed to raise in an EEOC charge all but her claim of retaliation over her mother's actions. To still be cognizable, Tarr's claims must be "reasonably related" to her EEOC charge. Jenkins, 538 F.2d at 167. The Court finds Tarr alleged no facts in her EEOC charge that could satisfy the first part of the Jenkins test as to her claims of discrimination, failure to promote, failure to stop harassment, and retaliation for her own protected activity. What Tarr did say in the EEOC charge was that the defendant "retaliated against the plaintiff." This sparse language fails to demonstrate the "factual relationship" required for a cognizable claim. Some courts have recognized a "mirror image" exception for a claim that fails to articulate but still accurately reflects the contents of an initial EEOC claim. See Davis v. Am. Drug Stores, Inc., No. 01 C 3704, 2003 WL 21149063, *3-4 (N.D. Ill. May 19, 2003). Such a departure from Green is not appropriate here. Tarr's claims do not come close to mirroring her EEOC charge. Tarr's open-ended "defendant retaliated" allegation does not rule out her claims, but it fails to provide the defendant notice of such claims as Oxman requires. Tarr's claims fail both the first part of the Jenkins test and the notice requirement articulated by the Seventh Circuit. It is true that "a claim in a civil action need not be a replica of a claim described in the charge." Vela v. Vill. of Sauk Vill., 218 F.3d 661, 664 (7th Cir. 2000). However, Tarr's claims as to various federal civil rights violations directed at her for her own actions are not "reasonably related" to retaliation based solely on another person's actions and are therefore barred on these grounds. The Court need not speculate about the fruits of an EEOC investigation (which in fact took place) as the Jenkins test might otherwise require.

For the foregoing reasons, the Defendant's Rule 12(B)(6) Motion to Dismiss is granted.
IT IS SO ORDERED.